### EMMA CORTEZ V. STATE

No. 27,175. December 8, 1954
Rehearing Denied February 9, 1955

78

*Harold L. Hall, E. B. Simmons,* and *Sam J. Dotson,* (on motion for rehearing only) San Antonio, for appellant.

*Austin F. Anderson,* Criminal District Attorney, *Roy R. Barrera,* Assistant Criminal District Attorney, San Antonio, and *Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is abortion; the punishment, 2 years.

Prosecutrix, the mother of one child, testified that, in company with her husband and her mother-in-law, she went to the clinic operated by appellant and her husband for the purpose of having an abortion performed upon her; that on the first day a price of $125 was agreed upon but was later reduced to $100; that the appellant employed an instrument to open her womb, inserted a rubber tube and some gauze therein, and told her to return the following day. She stated that she returned the next day, and the appellant, with her husband assisting, took out the tube, inserted the clamps again, and used a 14-inch needle-like instrument which had a scraper on it. She testified that the operation was painful and when it was concluded the appellant exhibited to her a bowl containing pieces of bloody flesh and "said that was it."

Prosecutrix testified that prior to the operation she had missed two menstrual periods and had experienced "morning sickness" and that following it such sensation ceased and she began to menstruate regularly.

She testified further that a short while before going to the appellant she had gone to a licensed physician to determine if in fact she was pregnant, that he had given her three hormone

shots and told her that if she did not begin to menstruate it would indicate that she was pregnant. She stated that the shots had no effect upon her, that she then took some pills which were supposed to cause her to menstruate but that they also failed, that she reported to her mother-in-law that she was pregnant, and that she submitted to the abortion because of coercion exerted by her mother-in-law.

Prosecutrix' husband corroborated her testimony fully.

The mother-in-law was called as a witness for the state but made a very reluctant witness. The state plead surprise and questioned her from a statement formerly taken from her by the district attorney.

Appellant testified in her own behalf and denied committing the abortion, stated that prosecutrix had come to the naturopathic clinic operated by herself and her husband to ascertain whether or not she was pregnant, and that after administering a "Q" test, for which their normal charge was $5.00, she ascertained that she was not pregnant and so informed prosecutrix.

Appellant's husband, testifying in her behalf, denied any participation in the operation and gave an extraordinary explanation of the $100 fee mentioned in the testimony of the state's witnesses.

Dr. Phillips was called in rebuttal by the state and testified that he had given prosecutrix the hormone test for pregnancy shortly before the day charged in the indictment.

At the outset we are met with a motion to quash the indictment based upon three alleged defects, which we shall discuss serially:

1.  The indictment alleged that the appellant did "designedly thrust and force into the vagina. . . . " Appellant contends that it is defective because it did not allege "unlawfully, willfully and designedly." We find further in the indictment the allegation that the appellant "did then and there by the use of said means unlawfully, wilfully and designedly produce an abortion" upon the prosecutrix. This, we think, is sufficient if in fact such allegations are necessary.

2.  The indictment did not conclude with the allegation that

the act of the appellant destroyed the life of the fetus or embryo in the womb of the prosecutrix. In Gray v. State, 77 Texas Cr. Rep. 221, 178 S.W. 337, this court held that, though such an allegation is proper, it is not essential.

3. The indictment alleged "a certain metallic instrument, then and there calculated to produce and to aid in producing an abortion." Appellant contends that the phrase "and to aid in producing" renders it vague, uncertain and indefinite. Her claim seems to be that this constituted the charging of both an abortion and an attempt to commit abortion in the same count. With this we cannot agree. It is clear that the questioned phrase referred to the instrument used and was not an allegation of a separate independent act on the part of the appellant.

Appellant contends that the evidence is insufficient to show that the prosecutrix was in fact pregnant at the time she visited appellant's clinic. She relies upon the testimony of Dr. Phillips wherein he states that the hormone test for pregnancy is not infallible and prosecutrix' testimony that a fever in her youth caused her to menstruate irregularly before the birth of her first child.

We recapitulate briefly. Prosecutrix was the mother of one child and therefore familiar with the symptoms of pregnancy; she had missed two menstrual periods and had morning sickness; she went to a physician for a test to determine whether or not she was pregnant; the test was positive (it was fully developed that the test itself could not have caused the abortion) ; she then took some pills in the hope that they would cause her to menstruate, and they did not; she then went to appellant's naturopathic clinic for the purpose of having an abortion performed; her womb was dilated and packed, and the following day by means of a scraping instrument certain bits of bloody flesh were removed; her morning sickness ceased, and her menstrual periods became regular again.

From the verdict of the jury it is obvious that they accepted the version of the incident given by the prosecutrix and her husband and rejected that of the appellant and her witnesses. The court submitted the case to the jury under the law of circumstantial evidence, and we find the evidence sufficient to support the conviction.

No reversible error appearing, the judgment of the trial court is affirmed.

ON MOTION FOR REHEARING

BELCHER, Judge.

In her motion for rehearing, appellant urges error in the use of a written statement made by the mother-in-law of the prosecutrix during her examination by the state because it was permitting the state to impeach its own witness.

The record shows that said witness had knowledge of facts surrounding the alleged offense. It was shown that the witness was unwilling to disclose pertinent facts contained in her former written statement, thereupon the state pleaded surprise and the jury was instructed that the same was permitted only for the purpose of impeachment. Under these facts, no error is shown.

We remain convinced that the appeal was properly disposed of on original submission.

Appellant's motion for rehearing is overruled.

Opinion approved by the court.